# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN MICHAEL, | Case No.: 2:18-cv-00465-APG-VCF |
| Plaintiff | **Order Denying Motion for Summary Judgment** |
| v. | [ECF No. 15] |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant | |

Plaintiff Steven Michael brought this suit in Nevada state court alleging that his insurer, defendant State Farm Fire and Casualty Company, wrongfully denied his insurance claim for a stolen generator. ECF No. 1-1. State Farm removed the action to this court and counterclaimed against Michael, seeking a declaration that it owed no duty to pay because Michael lied about the generator's value and failed to list the generator on his bankruptcy schedules. ECF Nos. 1, 7.

State Farm moves for summary judgment, arguing that Michael should be judicially estopped from pursuing his claims because he owned the generator when he filed for bankruptcy, failed to list the generator in his bankruptcy schedules, and obtained a bankruptcy discharge, but now seeks to recover for the stolen generator that should have been part of his bankruptcy estate. Michael admits he did not list the generator in his bankruptcy schedules, but he contends that his failure to do so was based on the advice of his bankruptcy counsel. He thus argues that he should not be judicially estopped from pursuing his claims against State Farm because he did not intentionally mislead the bankruptcy court or try to gain an unfair advantage. I deny State Farm's motion because I grant Michael the opportunity to reopen his bankruptcy proceeding to correct his mistake.

## I. BACKGROUND

Michael purchased the generator for $145,072.37 in November 1997. ECF No. 20-1 at 1-2. In 2009, Michael and his wife filed for bankruptcy. ECF Nos. 15-2; 20-1 at 3. They did not list the generator in their bankruptcy schedules. *Id.*; *see also* ECF No. 15-3 at 6. According to Michael, they did not include the generator in their schedules because their attorney told them it was exempt and thus not required to be listed. ECF Nos. 15-3 at 6; 20-1 at 3; 21-1 at 4. The Michaels received a bankruptcy discharge in September 2009. ECF No. 15-5.

In 2016, Michael moved the generator to the Capital Camp Mine near Nelson, Nevada. ECF No. 20-1 at 2. Shortly thereafter, Michael reported to the police that the generator was missing. ECF Nos. 15-3 at 4; 20-1 at 2. He also submitted a claim to State Farm. ECF Nos. 15-3 at 4; 20-1 at 2. State Farm offered to settle the claim for $12,542.98. ECF Nos. 15-3 at 4; 20-1 at 2. Michael contends State Farm's offer was based on its determination that the generator was a different (and substantially less valuable) model than the one Michael owned. ECF No. 20-1 at 2. He therefore sued State Farm for breach of contract, unfair claims handling practices, and bad faith. ECF No. 1-1.

## II. ANALYSIS

"[F]ederal law governs the application of judicial estoppel in federal court." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 603 (9th Cir. 1996). "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel aims to protect the integrity of the judicial process and therefore "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990); *Yanez v. United States*, 989

F.2d 323, 326 (9th Cir. 1993). Judicial estoppel is designed "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Hamilton*, 270 F.3d at 782 (quoting *Russell*, 893 F.2d at 1037). Judicial estoppel properly is applied to "prevent the deliberate manipulation of the courts." *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997). It is not limited to asserting inconsistent claims within a single lawsuit, but also prohibits litigants from advancing incompatible positions in two separate cases. *Hamilton*, 270 F.3d at 783.

Courts generally consider three factors when deciding whether to apply judicial estoppel. *Id.* at 782-83 (citing *New Hampshire v. Maine*, 532 U.S. 742 (2001)). First, courts determine whether "a party's later position [is] clearly inconsistent with its earlier position." *New Hampshire*, 532 U.S. at 743. Second, courts consider whether a litigant successfully persuaded a court to accept one position, so that judicial acceptance of an incompatible position in a subsequent adjudication "would create the perception that either the first or the second court was misled." *Id.* Finally, courts take into account "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* Courts do not interpret these factors as "inflexible prerequisites or an exhaustive formula" for deciding when to apply judicial estoppel, and they recognize that the specific facts of a particular case govern application of the doctrine. *Id.* However, the second prong of this test must be met for judicial estoppel to apply. *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); *Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997).

3

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits [an asset] from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars [an] action" based on that asset. *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013). "The reason is that the plaintiff-debtor represented in the bankruptcy case that no [asset] existed, so he or she is estopped from representing in the lawsuit that [it] does exist." *Id.* (emphasis omitted).

However, if "incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Johnson v. Oregon Dep't of Human Resources Rehab. Div.*, 141 F.3d 1361, 1369 (9th Cir. 1998). When the plaintiff-debtor has not reopened his bankruptcy proceedings to amend the schedules and list the omitted asset, the analysis for whether the omission was a mistake asks whether the plaintiff "(1) knew of [the asset] and (2) had a motive to conceal [it] from the bankruptcy court." *Ah Quin*, 733 F.3d at 271. Because the debtor will almost always have a motive to conceal an asset in a bankruptcy proceeding, this test effectively creates a presumption of deceit. *Id.* at 271-72, 276. But where the plaintiff-debtor "reopens bankruptcy proceedings, corrects her initial error, and allows the bankruptcy court to re-process the bankruptcy with the full and correct information, a presumption of deceit no longer" applies, and the court inquires "whether the plaintiff's bankruptcy filing was, in fact, inadvertent or mistaken, as those terms are commonly understood." *Id.* at 273, 276-77 (emphasis omitted).

Michael's position in this case—that he owned the generator since 1997 and continued to own it after his bankruptcy discharge—is inconsistent with his position in the bankruptcy proceeding where he did not acknowledge the existence of an asset allegedly worth over $100,000. Michael obtained a bankruptcy discharge without disclosing this asset, so he

4

successfully persuaded the bankruptcy court that no such asset existed to satisfy creditors' claims. To allow him to now pursue claims against State Farm based on the alleged theft of that generator would lead to the perception that the bankruptcy court was misled. Finally, Michael would obtain an unfair advantage because he received a discharge without allowing his creditors to learn of the generator's existence. I therefore may exercise my discretion to judicially estop Michael from pursuing his claims in this case.

However, another consideration is that "the application of judicial estoppel in these circumstances operates to the detriment primarily of innocent creditors and to the benefit of only an alleged bad actor." *Id.* at 275. If Michael is judicially estopped, State Farm would "not have to pay [for] the consequences of its [alleged] actions, for the entirely unrelated reason that Plaintiff happened to file for bankruptcy and, possibly due to inadvertence, happened to omit the [asset] from [his] initial schedule." *Id.* To avoid this result, I will allow Michael the opportunity to correct his mistake by moving to reopen his bankruptcy proceeding and amending his schedules to include the previously omitted generator. That will allow the creditors the opportunity to recover based on the undisclosed asset, and it will prevent a potential undeserved windfall to State Farm. If the proceedings are reopened and the schedules amended, the presumption of an intent to conceal drops away. Viewing the facts in the light most favorable to Michael on State Farm's motion, and absent a presumption of deceit, a reasonable fact finder could conclude the omission was a mistake (and not an attempt to deceive) given Michael's uncontested testimony that his lawyer advised him that he was not required to list the generator.

I therefore grant Michael the opportunity to correct his mistake and overcome the presumption of intent to conceal by reopening his bankruptcy proceeding and amending his schedules. Consequently, I deny State Farm's motion for summary judgment. However, if

5

Michael does not reopen his bankruptcy proceeding and amend his schedules within 30 days, State Farm may renew its motion for summary judgment on the basis of judicial estoppel. Because of this, I will amend the deadline for the parties to file the proposed joint pretrial order.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that defendant State Farm Fire and Casualty Company's motion for summary judgment **(ECF No. 15) is DENIED**.

IT IS FURTHER ORDERED that plaintiff Steven Michael has 30 days from the date of this order to move to reopen his bankruptcy proceeding and amend the schedules to identify the generator as an asset of the bankruptcy estate.  If Michael does not do so, defendant State Farm may renew its motion for summary judgment on the basis of judicial estoppel.  Any such motion must be filed within 45 days of the date of this order.

IT IS FURTHER ORDERED that if plaintiff Steven Michael moves to reopen his bankruptcy proceeding, the parties shall file a status report 30 days thereafter addressing whether this case is or should be stayed.  If plaintiff Steven Michael does not move to reopen his bankruptcy proceeding and amend the schedules, and State Farm renews its summary judgment motion based on judicial estoppel, the proposed joint pretrial order is due 30 days after I rule on State Farm's motion.  If plaintiff Steven Michael does not move to reopen his bankruptcy proceeding and amend the schedules, and State Farm does not renew its summary judgment motion based on judicial estoppel, the proposed joint pretrial order is due 60 days from the date of this order.

DATED this 1st day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE